**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50460 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01448-H |
| v. | |
| ARTURO DIAZ-ROMERO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted January 18, 2017 [**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Arturo Diaz-Romero appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Diaz-Romero contends that remand for resentencing is required because the district court did not consider all of the factors enumerated in Amendment 794 ("the Amendment") to the minor role Guideline when it denied his request for a minor role adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Contrary to Diaz-Romero's argument, the record reflects that the district court gave ample consideration to the Amendment; it was not required to "tick off" the factors enumerated in the Amendment to show that it had considered them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the court did not clearly err in finding, after considering the Amendment, that Diaz-Romero did not play a minor role in the offense. *See United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016).

**AFFIRMED.**